Mr. Oscar Stilley, Attorney at Law Central Mall Plaza, Suite 516 5111 Rogers Avenue Ft. Smith, Arkansas 72903-2041
Dear Mr. Stilley:
This letter is being issued in response to your request for certification, pursuant to A.C.A. § 7-9-107, of a popular name and ballot title for a proposed constitutional amendment. You have submitted two different proposed popular names and one proposed ballot title, which you state as follows:
 (Popular Name) AN AMENDMENT ROLLING BACK REAL PROPERTY TAX APPRAISALS TO THE LEVELS EXISTING ON JANUARY 1, 1993; REQUIRING A POPULAR VOTE TO INCREASE LOCAL TAXES OR EFFECTUATE A COUNTYWIDE REAPPRAISAL OF REAL PROPERTY, LIMITING STATE REGULATION OF LOCAL GOVERNMENTAL ENTITIES, AND FOR OTHER PURPOSES.
 (Popular Name) AN AMENDMENT ROLLING BACK REAL PROPERTY TAXES, REQUIRING A POPULAR VOTE TO INCREASE LOCAL TAXES OR EFFECTUATE A COUNTYWIDE REAPPRAISAL OF REAL PROPERTY, LIMITING STATE REGULATION OF LOCAL GOVERNMENTAL ENTITIES, AND FOR OTHER PURPOSES.
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION ROLLING ALL REAL PROPERTY TAX APPRAISALS BACK TO JANUARY 1, 1993 LEVELS; PROHIBITING THE IMPOSITION OR INCREASE OF ANY LOCAL TAX OR EXACTION EXCEPT BY VOTE OF THE QUALIFIED ELECTORS OF THE GOVERNMENTAL ENTITY IMPOSING OR INCREASING THE TAX OR EXACTION, AT A REGULARLY SCHEDULED STATEWIDE ELECTION; REQUIRING THAT REAL PROPERTY REAPPRAISALS INCREASING THE APPRAISALS OF PROPERTY BE IMPOSED ON A COUNTYWIDE BASIS, AND APPROVED BY THE QUALIFIED ELECTORS THEREOF BEFORE THE REAPPRAISALS BECOME EFFECTIVE; REQUIRING NOTICE OF THE FACT AND AMOUNT OF REAPPRAISALS TO AFFECTED PROPERTY OWNERS NOT LESS THAN 30 OR MORE THAN 90 DAYS PRIOR TO THE ELECTION; LIMITING THE APPRAISAL OF NEW AND ADDITIONAL CONSTRUCTION TO SUCH AMOUNTS AS WERE USUAL AND CUSTOMARY ON JANUARY 1, 1993; PROHIBITING THE STATE OF ARKANSAS FROM ENFORCING ANY STATE LAW OR REGULATION AGAINST A LOCAL GOVERNMENTAL UNIT, IF SAID LAW IS DETRIMENTAL TO THE FINANCIAL WELL BEING OF THE LOCAL GOVERNMENTAL UNIT, UNLESS THE PROPONENT OF THE LAW OR REGULATION PROVES THAT THE LAW IS NECESSARY AND EFFECTIVE TO PROTECT A COMPELLING STATE INTEREST, AND THAT A LESS COSTLY ALTERNATIVE WOULD NOT REASONABLY PROTECT THE STATE'S INTEREST; REQUIRING THE AMENDMENT BE LIBERALLY CONSTRUED IN FAVOR OF THE TAXPAYER; DECLARING THE AMENDMENT'S PROVISIONS SEVERABLE; REPEALING ALL LAWS AND CONSTITUTIONAL PROVISIONS THAT CONFLICT WITH THE AMENDMENT; DECLARING THE AMENDMENT SELF EXECUTING AND EFFECTIVE IMMEDIATELY ON PASSAGE.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposals under the above precepts, I conclude that the use of the terminology "rolling back" in both the popular name and the ballot title could be misleading, in that it could be confused with the type of rollback that is authorized by Amendment 59.
I therefore hereby disapprove both of the proposed popular names and substitute the following:
 (Popular Name) AN AMENDMENT SETTING FUTURE REAL PROPERTY TAX APPRAISALS AT THE LEVELS EXISTING ON JANUARY 1, 1993, UNLESS OTHERWISE AUTHORIZED BY A COUNTYWIDE VOTE, REQUIRING A POPULAR VOTE TO PASS OR INCREASE LOCAL TAXES, LIMITING STATE REGULATION OF LOCAL GOVERNMENTAL ENTITIES, AND FOR OTHER PURPOSES.
I also hereby disapprove the proposed ballot title and substitute the following, in order to apprise the voters more accurately of the substance of the proposal:
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROVIDING THAT REAL PROPERTY TAXES COLLECTED AFTER JANUARY 1, 1999 SHALL BE ASSESSED, COLLECTED, AND PAID BASED ON THE APPRAISALS THAT WERE IN EFFECT ON JANUARY 1, 1993, UNTIL OTHERWISE AUTHORIZED BY COUNTY VOTERS AT AN OTHERWISE REGULARLY SCHEDULED ELECTION; PROHIBITING THE IMPOSITION OR INCREASE OF ANY LOCAL TAX OR EXACTION EXCEPT BY VOTE OF THE QUALIFIED ELECTORS OF THE GOVERNMENTAL ENTITY IMPOSING OR INCREASING THE TAX OR EXACTION, AT AN OTHERWISE REGULARLY SCHEDULED ELECTION; REQUIRING THAT REAL PROPERTY REAPPRAISALS INCREASING THE APPRAISALS OF PROPERTY BE IMPOSED ONLY AFTER THE CONCLUSION OF THE REAPPRAISAL OF ALL PROPERTY WITHIN THE COUNTY AND AFTER APPROVAL BY THE QUALIFIED ELECTORS OF THE COUNTY; ALLOWING FOR INCREASES IN APPRAISALS OF REAL PROPERTY AS A RESULT OF ADDITIONS TO STRUCTURES ON REAL PROPERTY AND NEW CONSTRUCTION ON REAL PROPERTY, WITHOUT A POPULAR VOTE, BUT LIMITING SUCH APPRAISALS TO SUCH AMOUNTS AS WERE USUAL AND CUSTOMARY ON JANUARY 1, 1993; REQUIRING NOTICE OF THE FACT AND AMOUNT OF REAPPRAISALS AND THE DOLLAR AMOUNTS OF RESULTING TAX INCREASES TO AFFECTED PROPERTY OWNERS NOT LESS THAN 30 OR MORE THAN 90 DAYS PRIOR TO THE ELECTION; ALLOWING FOR INDIVIDUAL CONTEST OF POPULARLY APPROVED REAPPRAISAL WITHIN SIX MONTHS AFTER VOTER APPROVAL OF SUCH REAPPRAISAL; PROHIBITING THE STATE OF ARKANSAS FROM ENFORCING ANY STATE LAW OR REGULATION AGAINST A LOCAL GOVERNMENTAL ENTITY, IF SAID LAW IS DETRIMENTAL TO THE FINANCIAL WELL BEING OF THE LOCAL GOVERNMENTAL ENTITY, UNLESS THE PROPONENT OF THE LAW OR REGULATION PROVES THAT THE LAW IS NECESSARY AND EFFECTIVE TO PROTECT A COMPELLING STATE INTEREST, AND THAT A LESS COSTLY ALTERNATIVE WOULD NOT REASONABLY PROTECT THE STATE'S INTEREST; REQUIRING THAT THE AMENDMENT BE LIBERALLY CONSTRUED IN FAVOR OF THE TAXPAYER; DECLARING THE AMENDMENT'S PROVISIONS SEVERABLE; REPEALING ALL LAWS AND CONSTITUTIONAL PROVISIONS THAT CONFLICT WITH THE AMENDMENT; DECLARING THE AMENDMENT SELF EXECUTING AND EFFECTIVE IMMEDIATELY ON PASSAGE.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh